IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Charles O'Bryant, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Flowers Foods, Inc. and Derst Baking Company LLC.,<br><br>Defendants. | CIVIL ACTION NO. 2:21-cv-3501-BHH<br><br>Collective Action Complaint<br>(Jury Trial Requested) |

Plaintiff Charles O'Bryant, on behalf of himself and all others similarly situated employees, by way of his Complaint in the above-captioned matter, alleges and shows unto this Honorable Court the following:

## NATURE OF CLAIM

1. Plaintiff alleges the Defendants violated the overtime and minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq, (FLSA) by misclassifying Plaintiff and other similarly situated employees as independent contractors rather than employees.

2. Plaintiff also brings individual, and class claims for unpaid wages under the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, et seq. (SCPWA).

## CLASS CLAIMS

3. Specifically, Plaintiff bring this suit on behalf of a class of similarly situated persons composed of:

> *All current and former Distributors who have worked for Defendants during the statutory period covered by this Complaint.*

4. Plaintiffs alleges on behalf of the Collective Class and SC Rule 23 Class that Defendants violated Federal and South Carolina state laws by, inter alia:

    a. failing to pay them the appropriate minimum wage and overtime for all hours worked; and

    b. improperly taking deductions wages and failing to pay wages that are owed.

## PARTIES, JURISDICTION AND VENUE

5. Plaintiff Charles O'Bryant is a resident and citizen of Colleton County, SC.

6. Defendant, Flowers Food Inc. is corporation, headquartered in Thomasville, Ga. and is registered with the SC Secretary of State.

7. Derst Baking Company LLC., is corporation, based in Savannah, Georgia and is registered with the SC Secretary of State.

8. Venue is proper in this District because the Defendants have conducted substantial, continuous and systematic commercial activities in Colleton County, which is in the Charleston Division. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

9. Plaintiff brings this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all Distributors who worked in excess of forty (40) hours in any given work week, but who did not receive overtime and minimum wage compensation for such hours within the last three years.

10. This Court has jurisdiction of the state claims alleged herein, and of the FLSA claim per 28 U.S.C. § 1331, and 29 U.S.C. § 216 (b).

11. At all times pertinent to this Complaint, Defendants owned an operation and were an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. § 203(r) and 203(s).

12. Based upon information and belief, the annual gross sales volume of the Defendants' business was more than $500,000.00 per year at all times material hereto.

13. Plaintiff also bring this action individually and as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all similarly situated employees, who at any time within the three years prior to the commencement of this lawsuit had their wages taken by the Defendants.

14. Upon information and belief, this action satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged:

    a. The proposed Plaintiff's class is so numerous that joinder of all individual members in this action is impracticable;

    b. There are questions of law and/or fact common to the members of the proposed Plaintiff's class;

    c. The claims of Plaintiff, the representative of the proposed Plaintiff's class, are typical of the claims of the proposed Plaintiffs class; and

    d. Plaintiff, the representative of the proposed Plaintiff's class, will fairly and adequately protect the interests of the class.

    e. In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b), Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiff's class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

15. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims, which are brought pursuant to the law of the State of South Carolina,

because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

## FACTAL ALLEGATIONS

16. Defendant Flowers Foods Inc. ("Flowers") by and through its subsidiaries, ships bakery and snack products to warehouses and distributors. Flowers is one of the largest producers of packaged bakery foods in the United States. In fiscal year 2020, Flowers Foods had sales of $4.4 billion. https://www.flowersfoods.com/company/about-flowers-foods

17. Defendant Derst Baking Company LLC., ("Derst") is a subsidiary of Flowers. It produces bread, rolls, cakes, and donuts and operates direct-store-delivery routes that serve retail stores in South Carolina, eastern Georgia, and north Florida. The company is based in Savannah, Georgia.

18. Plaintiff was employed has a Distributor from June 2015 to December 2020.

19. Plaintiff, and similarly situated employees, were Bakery Product Distributors. ("Distributors"). Plaintiff, and similarly situated Distributors purchased the rights to distribute products to Defendants' customers in a defined territory.

20. Defendants uniformly classify all Distributors as independent contractors, pursuant to a "Distributor Agreement," which all Distributors must sign.

21. Plaintiff, as well as similarly situated Distributors' primary job duties, was to pick-up Defendants' bakery products from one of the Defendants' warehouses and deliver them to Defendants' customers, re-stock shelves with fresh products, remove stale products and stock store shelves pursuant to a planogram.

22. The Defendants required Plaintiff as well as similarly situated Distributors to comply with "good industry practice". This included, properly ordering products; keeping shelves

stocked with Flowers products; keeping store shelves in good condition in conformance with a planogram; properly rotating products on a regular basis; promptly removing all stale products; meeting customer service requirements; maintaining proper service and delivery to all outlets requesting service; and maintaining all equipment in a sanitary condition and in good, safe working order.

23. Defendants required, Plaintiff, as well as similarly situated Distributors, to lease Isuzu box trucks owned by Defendants to service their distributorships.

24. Defendants required, Plaintiff, as well as similarly situated Distributors to purchase insurance and vehicle financing through them and they took costs from their wages.

25. Plaintiff, as well as similarly situated Distributors, were paid wages and received an IRS Form W2 at the end of the year.

26. Plaintiff wore a uniform, the cost of the uniform was deducted from Plaintiff's wages.

27. Plaintiff, as well as similarly situated Distributors, regularly drove their own personal vehicle. Plaintiff almost always used his personal vehicle when he "back-stocked". The term "back-stock" refers leaving extra stock in the back of the store and returning later to re-stock the shelves. Plaintiff used his personal vehicle often to perform work duties.

28. Each of the Defendants' warehouses are managed by a Sales Manager who is responsible for oversight of the territories in their branch. The Sales Manager had the authority to discipline and terminate the Distributors.

29. Sales managers and directors of sales retained ultimate control over order quantities and had the ability to adjust the orders Distributors place, and frequently made such changes.

30. Plaintiff, as well as similarly situated Distributors, were required to arrive at the warehouse early in the morning and load their vehicles with the products that the retailer had approved with Defendants. The Defendants controlled the quantities and set the prices. Moreover, if the Defendants chose to offer discounts the Distributors were bound by the discounts.

31. Plaintiff, and similarly situated Distributors, then delivered the product to Defendants' retailer-customers as specified by Defendants. If Plaintiff was late making his deliveries, he was subject to being reprimanded by the Sales Manager.

32. Plaintiff and similarly situated Distributors were required to return to the warehouses by 5:00 p.m. or 6:00 P.M. each workday to return stale product to Defendants, or else Defendants would deduct the costs of the items from the Distributors' wages.

33. Plaintiff, and similarly situated Distributors, were subject to "call-backs" after servicing their routes for the day. A "call-back" is a request from one of Defendants' customers to deliver more products. If the Distributor refused, Defendants would arrange for the delivery and deduct $75.00 plus mileage costs from Distributors' wages.

34. Defendants often negotiated the terms, consequently Plaintiff, and similarly situated Distributors', job duties and ability to earn income was tied directly to the sale and promotion of products outside of their control.

35. Plaintiff, and similarly situated Distributors, were required to strictly follow Defendants' instructions and adhere to the pricing, policies, and procedures negotiated between Defendants and their retailer-customers.

36. Plaintiff, and similarly situated Distributors, were required to use Defendants' hand-held computer to log their deliveries. Defendants billed its customers using the data entered

into the hand-held computers. The computer controlled the product prices, maintained customer information, tracked mileage, and monitored Distributors' performance.

37. Defendants took weekly deductions from the Distributors' wages for the use of the hand-held computer.

38. Defendants took weekly deductions from Plaintiff, and similarly situated Distributors, for the use of the warehouse.

39. Defendants exercised significant control over Plaintiff, and similarly situated Distributors. For instance, Defendants assigned delivery stops and the order of the delivery stops. Plaintiff and other similarly Distributors were required to get approval for following a different order.

40. Defendants disciplined Plaintiff and other similarly Distributors for taking time off work or refusing a specific order to deliver a product to a particular store at a particular time. The discipline consisted of making deductions from their wages.

41. Plaintiff and other similarly Distributors were, required to accept Defendants' conditions of employment or face termination.

42. Defendants routinely increased Plaintiff's and other similarly Distributors' product orders and deducted the cost from their wages.

43. The distribution job performed by Plaintiff and other similarly Distributors did not require specialized skills.

44. Because they were misclassified as independent contractors, Plaintiff and members of the Class were denied the rights and benefits of employment, including, but not limited to overtime wages.

45. Plaintiff worked 7 days a week, including holidays. Plaintiff and other similarly Distributors, regularly worked between 60 to 75 hours a week and they were not paid overtime wages.

46. If Plaintiff wanted to take a vacation, the Defendants would arrange for someone to do his deliveries and deducted the costs of replacing Plaintiff from his wages.

47. Defendants' mischaracterization of the Distributors as independent contractors, the concealment or non-disclosure of the true nature of the relationship between Defendants and the distributors, and the attendant deprivation of substantial rights and benefits of employment are part of an on-going unlawful practice by Defendants which this Court should enjoin.

48. Plaintiff and other similarly Distributors had an employment agreement with Defendants that their compensation would be complaint with state and federal law.

49. At all times relevant to this Complaint, Plaintiff and other similarly Distributors regularly worked in excess of forty (40) hours per week; and Defendants fail to compensate them at a rate of one and one-half times their regular hourly wage in violation of the FLSA when they worked in excess of forty (40) hours per week

50. Plaintiff worked for Defendants with the clear understanding and agreement by Defendants, that his compensation would be consistent with all applicable laws, including state wage laws.

51. Plaintiff and other similarly Distributors, were "covered employees" and were entitled to overtime pay when they worked more than forty (40) hours in any given week pursuant 29 U.S.C. § 207 and § 306(a), (c); because they were employees who drove vehicles weighing 10,000 pounds or less.

52. At all times relevant to this Complaint, Plaintiff and similarly situated Distributors were non-exempt employees.

53. Plaintiff, and other similarly Distributors primary duties did not involve managing the enterprise or any subdivision of the enterprise.

54. Plaintiff, and other similarly Distributors, responsibilities and job duties did not allow for the exercise of independent discretion.

55. Defendants' violation of the FLSA is willful as Defendants have previously been sued for wage theft and they have continued to engage in the same unlawful practices.[1]

**FOR A FIRST CAUSE OF ACTION**
(Fair Labor Standards Act–Failure to Pay Overtime Wages)
(Individual and Collective Action)

56. Plaintiff, on behalf of himself and all other similarly situated employees, realleges and incorporates by reference all preceding paragraphs as if specifically set forth herein.

57. Plaintiff and the members of the Plaintiff's class were employees of Defendants for purposes of the Fair Labor Standards Act during times relevant to this Complaint.

58. Defendants failed to pay Plaintiff and the members of the Plaintiff's class at the rate of one-and-a-half times their normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

59. Defendants also failed to pay Plaintiff and the members of the Plaintiff's class for overtime for which Plaintiff provided work for the benefit of Defendants.

---

[1] *Noll v. Flowers Foods*, Inc., No. 1:15-CV-00493-LEW, 2019 U.S. Dist. LEXIS 6868, at *11 (D. Me. Jan. 15, 2019).  e.g., *Rehberg v. Flowers Baking Co. of Jamestown*, LLC, 2015 U.S. Dist. LEXIS 36929, 2015 WL 1346125, at *14 (W.D.N.C. Mar. 24, 2015); *Carr v. Flowers Foods, Inc.*, No. 15-6391, 2019 U.S. Dist. LEXIS 77541, at *67 n.8 (E.D. Pa. May 7, 2019).

60. Plaintiff and the members of the Plaintiff's class are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

61. Plaintiff and members of the Plaintiff's class are also entitled to an award of back pay at their regular hourly rate or their overtime rate, as appropriate, as appropriate compensation for all time spent in working for Defendants, which was wrongfully excluded by Defendants in calculating their compensable time.

62. Plaintiff and the members of the Plaintiff's class are also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63. The work and pay records of Plaintiff and the members of the Plaintiff's class are in the possession, custody, and/or control of Defendants, and Defendants is under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained.

64. Plaintiff requests an order of this Court requiring Defendants to preserve such records during the pendency of this action.

65. Plaintiff and the members of the Plaintiff's class are also entitled to an award of reasonable attorney's fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

**FOR A SECOND CAUSE OF ACTION**
(Fair Labor Standards Act-Minimum Wage Claim)
(Individual and Collective Claims)

66. Plaintiff, on behalf of himself and all other similarly situated employees, realleges

and incorporates by reference all preceding paragraphs as if specifically set forth herein.

67. At all times, pertinent to this Complaint Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s). At all times, relevant to this Complaint, Defendants' annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00).

68. Defendants' business was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, is subject to, and covered by, the Fair Labor Standards Act.

69. The FLSA, 29 U.S.C. § 206, requires employers to at least pay its non-exempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

70. The FLSA mandates that Defendants compensate non-exempt employees at the minimum wage rate of $7.25 per hour.

71. Defendants' compensation of the Plaintiff and other similarly situated employees violated the minimum wage provisions of the FLSA because Defendants took so many deductions from Plaintiff's and similarly Distributors wages that Plaintiffs often did make at least minimum wage.

72. Defendants' compensation of the Plaintiff and other similarly situated employees violated the minimum wage provisions of the FLSA because Defendants unlawfully retained portions of Plaintiff and other similarly situated employees for Defendants' wages.

### FOR A THIRD CAUSE OF ACTION
(South Carolina Payment of Wages Act)
(Individual and Class Action)

73. Plaintiff, on behalf of himself and all similarly situated employees, reallege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

74. Defendants are "employers" as defined by S.C. Code Ann. § 41-10-10(1).

75. Defendant employed Plaintiff and the members of the Plaintiff's class within the State of South Carolina.

76. According to § 41-10-80(C), when an employer separates an employee from the payroll for any reason, the employer shall pay all wages due to the employee within forty-eight hours of the time of separation or the next regular pay day which may not exceed thirty days.

77. S.C. Code Ann § 41-10-10(2) defines wages to means "all amounts at which labor rendered is recompensed . . . and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

78. Defendants owe Plaintiff and the members of the Plaintiff's class "wages" as defined in Section 41-10-10(2) of the Act, to compensate them for labor rendered to Defendants, as promised to Plaintiffs and the members of the Plaintiffs' class and as required by law.

79. Defendants failed to pay Plaintiff and the members of the Plaintiff's class all wages due, as required by Sections 41-10-40 and -50 of the Act.

80. The Defendants failed to pay Plaintiff and members of Plaintiff's class for as per their employment agreement.

81. In addition, Defendants deducted amounts from the paychecks of Plaintiff and the members of the Plaintiff's class without providing proper written notice as required by Section 41-10-30(A) of the SCPWA.

82. Defendants' failure to pay Plaintiff and the members of the Plaintiff's class all wages due is willful, without justification, and in violation of the duty of good faith and fair dealing.

83.     Pursuant to Section 41-10-80(C) of SCPWA, Plaintiff and the members of the Plaintiff's class are entitled to recover an amount equal to three times the full amount of their unpaid wages, or their wrongfully deducted wages, plus costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and similarly situated employees who join this action demand:

a) Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216 (b);

b) Declaratory Judgement that Defendants violated the FLSA;

c) Judgment against Defendants that their violation of the FLSA and its implementing regulations were willful;

d) Judgment against Defendants for an amount equal to Plaintiffs' unpaid paid overtime at time and half of his regularly rate;

e) Judgment against Defendants for an amount equal to Plaintiffs' unpaid minimum wage.

f) Liquidated damages in an amount equivalent to the damages owed to Plaintiffs;

g) An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

h) Declaratory Judgement that Defendants violated the SCPWA;

i) An award of compensatory damages in the amount of the unpaid wages owed to Plaintiff and similarly situated employees;

j) An award of treble damages pursuant to the South Carolina Payment of Wages Act;

k) Leave to add additional Plaintiffs by motion, the filing of written consent forms; or any other method approved by the Court;

l) Leave to amend to add other Defendants who meet the definition of Plaintiffs' employer, 29 U.S.C. § 203(d);

m) Injunctive relief to require Defendants to record, report and preserve records sufficient to enable Plaintiff and similarly-situated employees to determine their wages, hours and conditions and practices of employment, including practices regarding deductions and payment and nonpayment of overtime as mandated by the FLSA.

n) Injunctive relief enjoining the Defendants from continuing their illegal wage policies;

o) Attorneys' fees and costs; and

p) All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiff O'Bryant on his behalf and on behalf of all other similarly situated Distributors hereby demands a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
652 Rutledge Ave Ste A
Charleston South Carolina 29403
Phone (843) 588-5587 Phone
marybeth@mullaneylaw.net

*Attorney for Plaintiff*

October 26, 2021